Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 2728 | DATE | 7/20/2004 |
| CASE TITLE | 1st Horizon vs. Breckenridge Phar | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Breckenridge Pharmaceutical's and Scientific Laboratories's motions to transfer venue are granted. This case is hereby transferred to the Southern District of Florida. Status hearing set for 7/21/04 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUL 21 2004 date docketed | |
| ✓ | Docketing to mail notices. | | 31 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TH✓ | courtroom deputy's initials | 2004 JUL 20 PM 12:59 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIRST HORIZON PHARMACEUTICAL CORP., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 04 C 2728 |
| BRECKENRIDGE PHARMACEUTICAL, INC., and SCIENTIFIC LABORATORIES, INC., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff First Horizon Pharmaceutical Corporation ("First Horizon") filed this action alleging patent infringement against Defendants Breckenridge Pharmaceutical, Inc. ("Breckenridge") and Scientific Laboratories, Inc. ("SLI"). Defendants have moved to dismiss Plaintiff's complaint, or alternatively, to transfer venue to the Southern District of Florida pursuant to 28 U.S.C. §1404(a) and the doctrine of *forum non conveniens*. Based on the Court's review of the relevant factors, Defendants' motions to transfer venue to the Southern District of Florida are granted.

## BACKGROUND

First Horizon is a Delaware Corporation with its principal place of business in Alpharetta, Georgia. (R. 10-1, Am. Compl. ¶ 2.) Breckenridge is a Florida corporation with its principal place of business in Boca Raton, Florida. (*Id.* at ¶ 3.) Defendant Breckenridge also maintains offices in Berlin, Connecticut. (16-1, Def.'s Mot. Trans. Ven. ¶ 11.) Defendant SLI is a Maryland corporation with a place of business in Lanham, Maryland. (R.10-1, Am. Compl. at ¶ 4.) None of these companies maintains an office in Illinois. First Horizon and Breckenridge

31

both develop and distribute pharmaceutical products and sell them nationwide.

On January 21, 2003, Plaintiff obtained a patent relating to tannate pharmaceutical composition. ("492 patent.") (R. 10-1, Am. Compl. ¶ 5.) In a letter dated March 7, 2003, Plaintiff notified Defendant Breckenridge of its 492 patent. (*Id.* at ¶ 6.) In or about February, 2004, Breckenridge commenced selling Duotan PD, a product intended for the relief of nasal congestion. (16-1, Def.'s Mot. Trans. Ven. p. 1.) On April 1, 2004, First Horizon sent Breckenridge a letter accusing the company of illegally and willfully infringing on two of Plaintiff's patents, the 492 patent and a second patent, the 415 patent. (*Id.*) Plaintiff ordered Defendant to discontinue and withdraw its Duaton product from the market that same day. (*Id.*) Upon receiving the letter, Breckenridge's attorney immediately contacted Plaintiff's General Counsel and requested time to evaluate and properly investigate the merits of Plaintiff's claim. (*Id.*) First Horizon's counsel agreed to allow Breckenridge time to investigate the matter before taking action. (*Id.*) Two weeks later, First Horizon filed this action for patent infringement against Breckenridge. (R. 1-1, Compl.) Breckenridge subsequently filed a complaint in the Southern District of Florida seeking declaratory relief relating to both the 492 and 415 patents.

On or about May 20, 2004, Plaintiff First Horizon filed an amended complaint adding Defendant SLI, the manufacturer of Defendant's Duotan product. Plaintiff alleged SLI's involvement in the infringement of patent 492. SLI also moved to dismiss Plaintiff's claim or alternatively, to transfer venue to the Southern District of Florida. (R. 26-1, SLI's Mot. to Dismiss.)

## LEGAL STANDARDS

Defendants have moved to transfer this case to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). "Section 1404(a) authorizes a district court to transfer a case in the

interest of justice and for the convenience of the parties and witnesses." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34, 118 S. Ct. 956, 961, 140 L. Ed. 2d 62 (1998). Under Section 1404(a), the Court may transfer a case if the moving party demonstrates the following: (1) venue was proper in the transferor district; (2) venue and jurisdiction would be proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice. *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995).

In analyzing the third prong of Section 1404(a), the Court must look to both private and public interests. *United Air Lines, Inc. v. Mesa Airlines, Inc.*, 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998). The private interests include: (1) plaintiffs' choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; and (4) convenience to the witnesses and parties. *Id.* Public interests include, among other things, the court's familiarity with applicable law. *Chukwu v. Air France*, 218 F. Supp. 2d 979, 989 (N.D. Ill. 2002). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986).

## ANALYSIS

### I. Venue is Appropriate in Both the Transferee and Transferor Districts

Venue in patent infringement actions is dictated by 28 U.S.C. § 1400(b), which provides that "any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular

established place of business."[1] *Hemstreet v. Caere Corp.*, No. 90 C 377, 1990 WL 77920 (N.D. Ill. Jun. 6, 1990). The residence of a corporate defendant in patent infringement actions is controlled by § 1391(c), which states that a corporate defendant is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(a). The parties do not dispute that venue is proper in both the Northern District of Illinois and the Southern District of Florida.

## II. The Southern District of Florida is a More Convenient Forum Than the Northern District of Illinois

In evaluating the third prong of Section 1404(a), the Court must assess factors relating to both convenience and the "interests of justice." Defendant "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient" than the transferor court. *Coffey*, 796 F.2d at 219-20. Transfer generally is inappropriate if it shifts the inconvenience for one party into an inconvenience for the other party. *Id.* ["U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In Re National Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003). Courts give the plaintiff's choice of forum less deference, however, when it bears little relation to the suit in question. *See Id.*

### A. Plaintiff's Choice of Forum

Defendant argues that Plaintiff's choice of forum is arbitrary and that the Court should not reward Plaintiff for "racing to the courthouse and acting in bad faith." (16-1, Def.'s Mot. to Trans. Ven. ¶ 3.) Plaintiff asserts that it has meaningful contacts with the Northern District of

---

[1] Because the question of dismissal is more appropriately addressed by the transferee forum, the Court will first consider the motions to transfer venue.

4

Illinois because Plaintiff's patent counsel and the Chairman of the Board of Directors of First Horizon both reside in Illinois. Plaintiff also contends that the Court should honor its choice of forum because First Horizon's largest shareholder has its principal place of business in the Chicago area and because First Horizon has twelve full-time sales representatives working in the Chicago area.

While a plaintiff's choice of forum is normally entitled to substantial deference, it is not absolute and will not overpower a well-founded motion to transfer. *See Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999). When the plaintiff chooses a forum that is not its home forum or chooses a forum that does not have a significant relationship to the material events leading to the litigation, the plaintiff's choice is given less deference. *Id.*

First Horizon is a Delaware corporation with its principal place of business in Georgia. Plaintiff has no offices in the state of Illinois. Further, the contacts that Plaintiff asserts to have with Illinois do not support the argument that Plaintiff's choice of forum should be given substantial deference. Although Plaintiff's patent counsel is located in Illinois, convenience of Plaintiff's counsel is not an appropriate consideration in the transfer analysis. *See Hemstreet*, 1990 WL 77920, at *16. Further, even though Plaintiff's Chairman of the Board resides in Illinois and its largest shareholder has its principal place of business in Illinois, First Horizon has failed to identify any connection between either its Chairman or largest shareholder and this litigation. While these factors are relevant to the Court's personal jurisdiction over Plaintiff, they are not dispositive here. Accordingly, because the Northern District of Illinois is not the Plaintiff's home forum, and because Plaintiff does not have meaningful contacts within the state of Illinois, Plaintiff's choice of forum is entitled to less deference.

## B. The Location of Material Events

When the material events leading to the litigation do not take place in the plaintiff's chosen forum, the plaintiff's choice of forum is given less deference. *Dunn v. Soo Line R.R. Co.*, 864 F.Supp. 64, 65 (N.D. Ill. 1994). Material events are those that give rise to the cause of action. *Id.* Although Breckenridge distributes and sells Duotan in Illinois, it also distributes and sells Duotan nationwide. Plaintiff has not identified any circumstances giving Illinois a stronger connection to the material events leading to the litigation than other states that also store and distribute the Duotan product. Furthermore, the location of material events for purposes of venue is the location where the defendant's decisions and activities that gave rise to the claim took place. *See Biomet, Inc. v. Stryker Howmedica Osteonics Corp.*, No. 03 C 6491, 2004 WL 769358 (N.D. Ill. Apr. 9, 2004) (finding the forum where defendants produced and distributed the memorandum giving rise to the lawsuit to be to the location of material events); *Von Holdt v. Husky Injunction Molding Systems Ltd.*, 887 F.Supp. 185, 188-89 (N.D. Ill. 1995); *S.C. Johnson & Son, Inc. v. Gillette Co.*, 571 F.Supp. 1185, 1186-87 (N.D. Ill. 1983).

Here, Breckenridge is correct in its assertion that the material events giving rise to this cause of action occurred in both Florida and Maryland. Florida is the state where Breckenridge originally made its decision to launch the allegedly infringing product, Duotan. *Von Holdt*, 887 F. Supp. at 188-89. Breckenridge's product is manufactured by SLI in Maryland. None of these events took place in Illinois. Thus, the second factor in the convenience analysis weighs in favor of transferring this case to the Southern District of Florida.

## C. Relative Ease of Access to Sources of Proof

Defendant Breckenridge argues that because neither Defendant maintains documents or other tangible evidence relating to the alleged infringement in Illinois and because none of the

6

parties maintain an office in Illinois, the relative ease of access to sources of proof weighs in favor of transfer to the Southern District of Florida. Breckenridge further notes that upon information and belief, all of Plaintiff's material documents are located in Georgia. Lastly, Breckenridge relies on the geographic location of the parties for the proposition that the Southern District of Florida is a more convenient forum with regard to the ease of access to sources of proof.

Plaintiff fails to directly address the relative ease of access to proof factor. Specifically, Plaintiff makes no arguments regarding the location of its material documents or tangible evidence relating to the litigation. Rather, Plaintiff argues that because SLI's documents relating to the manufacture of Duotan are located in Maryland, the Southern District of Florida is no more convenient than the Northern District of Illinois. Plaintiff's argument, however, does not speak to the fact that most of the material documents leading to the litigation are located on the east coast where all parties maintain offices. In terms of transferring documents, the relative ease to sources of proof is neutral with respect to both SLI and Plaintiff because both parties must travel by air to either forum. The Southern District of Florida, however, is clearly more convenient for Breckenridge because its material documents are located in Boca Raton, Florida. Thus, because the Southern District of Florida is more convenient for Breckenridge in the litigation, the third factor favors transfer to the Southern District of Florida. *See Biomet*, 2004 WL 769358, at *5.

### D.   Convenience of the Parties

In analyzing the convenience of the parties, the Court must consider "their respective residence and abilities to bear the expense of trial in a particular forum." *Von Holdt*, 887 F. Supp. at 188. Breckenridge argues that because none of the parties' home forum is Illinois and

7

because Breckenridge's home forum is Florida, the convenience of the parties favors transferring the case to the Southern District of Florida. Plaintiff relies on airport statistics for the proposition that travel to Illinois is more convenient for Plaintiff, Defendant SLI, and Breckenridge's officers located in Berlin, Connecticut. Because all parties must travel by air to Illinois, and because all parties, excluding Breckenridge, must travel by air to Florida, the convenience of the parties factor slightly favors transfer to the Southern District of Florida.

### E. Convenience of the Witnesses

The determination of the convenience of witnesses is often considered the most important factor in the transfer balance. *Tingstol v. Rainbow Sales, Inc.*, 18 F. Supp. 2d 930, 933 (N.D. Ill. 1998). In assessing the convenience of the witnesses, courts consider the "nature and quality of the witnesses' testimony with respect to the issues of the case." *Tingstol*, 18 F. Supp. 2d at 933. Further, the convenience of non-party witnesses is substantially more important than the convenience of party witnesses because the latter are within the party's control. *Int'l Truck and Engine Corp. v. Dow-Hammond Trucks Co.*, 221 F. Supp. 2d 898, 904 (N.D. Ill. 2002).

Breckenridge's argument that the convenience of the witnesses weighs in favor of transferring the case to the Southern District of Florida is persuasive. None of Plaintiff's or Defendants' witnesses reside in Illinois, nor do the parties employ Illinois residents. Many of Breckenridge's employee witnesses reside in the Southern District of Florida. Significantly, the only non-party witness that Defendant Breckenridge intends to call at trial – Patricia McQueenie – resides within the Southern District of Florida.

Plaintiff first argues that Breckenridge has failed to provide sufficient information regarding the information on which Ms. McQueenie intends to rely in her testimony. Breckenridge, however, need only disclose the nature of the anticipated testimony and whether

8

the witness can be compelled to testify. *See Peterson v. U.S. Steel Corp.*, 624 F.Supp. 44, 45 (N.D. Ill. 1985). This Court believes that Breckenridge has sufficiently stated the nature of Ms. McQueenie's anticipated testimony. Accordingly, Plaintiff's first argument fails.

Plaintiff next argues that it may have third-party witnesses from one or more wholesalers and pharmacies in Illinois. Plaintiff, however, does not disclose the identity of any of these witnesses. Plaintiff's failure to identify these witnesses with more particularity undermines its argument. *See Biomet*, 2004 WL 769358, at *6. Further, as Breckenridge correctly notes, there are wholesalers and retailers in Florida whose testimony on Plaintiff's behalf would be comparable to any testimony made by a wholesaler or retailer in Illinois.

Accordingly, because Breckenridge's only non-party witness resides in Florida, and because Plaintiff failed to specifically identify any non-party witnesses residing in Illinois, the convenience of the witnesses also weighs in favor of transferring this case to the Southern District of Florida.

### III. The Transfer to the Southern District of Florida Best Serves the Interests of Justice

The "interests of justice" analysis relates to the efficient functioning of the courts, not the merits of the underlying dispute. *Coffey*, 796 F.2d at 221. The factors considered in this analysis often include the prospects of a speedy trial, the relationship of the community to the issue of the litigation, and the court's familiarity with the applicable law. *Int'l Truck and Engine Corp.*, 221 F. Supp. 2d at 898. Here, the "interests of justice" analysis weighs in favor of transfer to the Southern District of Florida.

#### A. Congestion of Court Dockets and the Likelihood of a Speedy Trial

Defendant Breckenridge relies on the 2003 Federal Court Management Statistics for the proposition that all parties will receive a speedier trial in the Southern District of Florida than in

9

the Northern District of Illinois. The Statistics show that in the Southern District of Florida, the median time from case filing to trial is 18.3 months, whereas in the Northern District of Illinois, the median time from case filing to trial is 26 months. This eight-month difference weighs slightly in Breckenridge's favor. *See Celozzi v. Boot*, No. 00 C 3285, 2000 WL 1141568 (N.D. Ill. Aug. 11, 2000).

First Horizon argues that because it filed a motion for preliminary injunction in the Northern District of Illinois, transferring this case to Florida would only further delay a resolution while allowing Defendants to continue manufacturing and distributing the allegedly infringing product. Plaintiff, however, is free to pursue its preliminary injunction in the Southern District of Florida.

### B.    The Relationship of the Community to the Issue of the Litigation

Breckenridge argues that the Southern District of Florida has a greater connection to the litigation because the Breckenridge Corporation is located in that district. Plaintiff's only assertion regarding the relationship of Illinois to the patent infringement allegations is that Breckenridge sold its product in Illinois. When the products at the center of the litigation are distributed nationwide, however, the "community interest" factor remains neutral. *See Biomet*, 2004 WL 769358, at *7; *Santa's Best Craft, LLC v. Janning*, No. 02 C 9529, 2003 WL 21504522, *4 (N.D. Ill. June 30, 2003).

In assessing the relationship of the community to the issue of the litigation, it appears that the Southern District of Florida has a somewhat stronger relationship because it is Breckenridge's home forum, while none of the parties reside in the Northern District of Illinois. *See Colida v. Kyocera Wireless Corp.*, No. 02 C 7348, 2003 WL 1741396 (N.D. Ill. Apr. 1, 2003) (deeming the defendant's home forum to have a substantial connection to the litigation,

despite the fact that the alleged infringement occurred in both the transferor and transferee forum).

### C. The Court's Familiarity with the Applicable Law

In regards to the court's familiarity with the applicable law surrounding the litigation, it appears that the Southern District of Florida and the Northern District of Illinois have comparable knowledge regarding patent infringement. Thus, this factor remains neutral.

## IV. Balancing the Factors

Venue is proper in both the Northern District of Illinois and in the Southern District of Florida. Both the convenience factors and the interests of justice, however, weigh in favor of transferring this case to the Southern District of Florida. Plaintiff's choice of forum is entitled to less deference because Illinois is not its home forum and because Illinois is not the location of the material events giving rise to the litigation. Illinois, in essence, is unrelated to the heart of this litigation. Further, the convenience of the witnesses favors the Southern District of Florida because the only identified non-party witness resides in the state of Florida. Lastly, in assessing the "interests of justice," it appears that the parties will receive a speedier trial in the Southern District of Florida and that the Southern District of Florida has a more substantial connection to the issues of the litigation than the Northern District of Illinois. Accordingly, Defendants have carried their burden.

## CONCLUSION

For the foregoing reasons, Defendants' motions to transfer venue to the Southern District of Florida are granted. This case is hereby transferred to the Southern District of Florida. Defendant's motion to dismiss and Plaintiff's motion for a preliminary injunction are more appropriately left for the transferee forum.

Dated: July 20, 2004     ENTERED

_____
AMY J. ST. EVE
United States District Court Judge